People v Brooks (2019 NY Slip Op 02421)





People v Brooks


2019 NY Slip Op 02421


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


8822 1184/14

[*1]The People of the State of New York, Respondent,
v
Calvin Brooks, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Scott H. Henney of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Ellen I. Biben, J.), rendered October 24, 2016, convicting defendant, after a jury trial, of identity theft in the first degree (two counts) and grand larceny in the third degree, and sentencing him to concurrent terms of 1&frac13; to 4 years, unanimously affirmed.
Defendant did not preserve his argument that assumption of a corporation's identity cannot constitute identity theft, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The corporation from which defendant stole by making unauthorized online transfers of funds to his personal accounts qualified as a "person" within the meaning of Penal Law § 10.00(7) (see People v Assi, 14 NY3d 335, 340-341 [2010]). The mere fact that Penal Law § 190.80 employs gendered pronouns (he or she) in describing the conduct that a "person" must engage in to commit identity theft does not compel the conclusion that the statute restricts either the class of "persons" who may commit the crime, or may be victims of it, to individuals rather than corporations. Nor do any of defendant's other arguments regarding statutory language or legislative history warrant such a conclusion.
Defendant's legal sufficiency claim regarding the grand larceny convictions is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that defendant's thefts "involved a unitary fraudulent scheme, rather than separate and independent impulses" (People v Miller, 145 AD3d 593, 594 [1st Dept 2016], lv denied 29 NY3d 950 [2017]),
and that the "thefts were committed pursuant to a single, ongoing intent" (id. at 545), so that it was proper to aggregate the individual amounts to reach the statutory threshold.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK